# EXHIBIT A



# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

Dauphin _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: **2011 CV 11903 CV** |

The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

2011 DEC 19
TIME STAMP
DAUPHIN PE...
RECEIVED
PROTHON...
OFFICE

## SECTION A

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Allison M. Linko and Nicholas Linko

**Lead Defendant's Name:** American Education and Pennsylvania Higher Education Assistance Agency

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:**
(check one)
☒ within arbitration limits
☐ outside arbitration limits

**Is this a _Class Action Suit_?** ☐ Yes ☒ No

**Is this an _MDJ Appeal_?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** Vicki Piontek, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  15 USC 1692 et. seq.

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

_Updated 1/1/2011_

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Allison M. Linko | : | |
| 757 Lake Spangenber Road | : | |
| Lake Ariel, PA  18436 | : | |
| and | : | |
| Nicholas Linko | : | |
| 757 Lake Spangenber Road | : | Civil Action-Law |
| Lake Ariel, PA  18436 | : | |
| Vs.                          Plaintiffs | : | 2011 CV 11903 CV |
| American Education Services | : | |
| 1200 North 7th Street | : | |
| Harrisburg, PA  17102 | : | |
| and | : | |
| Pennsylvania Higher Education | : | |
| Assistance Agency (PHEAA | : | |
| 1200 North 7TH Street | : | |
| HARRISBURG, PA  17102 | : | |
| and | : | |
| John Does 1-10 | : | Jury Trial Demanded |
| and | : | |
| XYZ Corporations | : | |
| Defendant(s) | : | |

2011 DEC 19  PM 2: 41
DAUPHIN COUNTY
PENNA

## PRECIPE TO ISSUE WRIT OF SUMMONS

To:  The Prothonotary:

Kindly issue a WRIT OF SUMMONS against the above captioned Defendants.


_Vicki Piontek_          12-15-2011
Vicki Piontek, Esquire          Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA

Allison M. Linko                                      :
757 Lake Spangenber Road                             :
Lake Ariel, PA  18436                                :
and                                                  :
Nicholas Linko                                       :
757 Lake Spangenber Road                             :      Civil Action-Law
Lake Ariel, PA  18436                                :
Vs.                         Plaintiffs               :      2011 CV 11903 CV
American Education Services                           :
1200 North 7th Street                                :
Harrisburg, PA  17102                                :
and                                                  :
Pennsylvania Higher Education                         :
Assistance Agency (PHEAA                              :
1200 North 7TH Street                                :
HARRISBURG, PA 17102                                 :
and                                                  :
John Does 1-10                                        :      Jury Trial Demanded
and                                                  :
XYZ Corporations                                     :
                            Defendant(s)             :

## WRIT OF SUMMONS

**TO:**   American Education Services
          1200 North 7th Street
          Harrisburg, PA  17102
          and
          Pennsylvania Higher Education
          Assistance Agency (PHEAA
          1200 North 7TH Street
          HARRISBURG, PA  17102
          and
          John Does 1-10
          and
          X,Y,Z Corporations


You are notified that Allison M. Linko  and Nicholas Linko have commenced an action
against you.

SEAL OF
THE          _____     DEC 19 2011
COURT        Prothonotary                         Date

             By_____

# EXHIBIT B

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA

Allison M. Linko                           :
757 Lake Spangenber Road                   :
Lake Ariel, PA  18436                      :
and                                        :
Nicholas Linko                             :
757 Lake Spangenber Road                   :      Civil Action-Law
Lake Ariel, PA  18436                      :
Vs.                    Plaintiffs          :
American Education Services                :
1200 North 7th Street                      :
Harrisburg, PA  17102                      :
and                                        :      2011 CV  11903
Pennsylvania Higher Education              :
Assistance Agency (PHEAA                   :
1200 North 7TH Street                      :
HARRISBURG, PA  17102                      :
and                                        :
John Does 1-10                             :      Jury Trial Demanded
and                                        :
XYZ Corporations                           :
                       Defendant(s)        :

RECEIVED
OFFICE OF
PROTHONOTARY
2012 JAN 31  AM 8: 33
DAUPHIN COUNTY
PENNA

## **COMPLAINT**

### **INTRODUCTION**

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

    alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.

    (hereinafter "TCPA"), as well as for Defendant(s) alleged violation of Pennsylvania's

    Fair Credit Extension Uniformity Act, 73 PS 2270 et. seq, and Pennsylvania's Unfair

    Trade and Consumer Protection Act, 73 PS 201 et. seq.

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiffs are the following.

   Allison M. Linko
   757 Lake Spangenber Road
   Lake Ariel, PA  18436
   and
   Nicholas Linko
   757 Lake Spangenber Road
   Lake Ariel, PA  18436

8. Defendants are the following.

    a.     American Education Services, 1200 North 7th Street, Harrisburg, PA  17102

    b.     Pennsylvania Higher Education Assistance Agency (PHEAA) 1200 North 7TH Street, HARRISBURG,  PA  17102.

    c.     Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

    **d.**     Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

9.  The previous paragraphs are incorporated by reference and made a part of this complaint.

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227

(TCPA), in response to a growing number of consumer complaints regarding certain

telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or

"autodialers." Specifically, the plain language of section 227(b)(1) (B) generally prohibits

any telephone call to a residential telephone lines using an artificial pr prerecorded voice

to deliver a message without the prior express consent of the called party.

12. 47 U.S.C. § 227(b)(1)(B) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or
> any person outside the United States if the recipient is within
> the United States-
> * * * * * * * * * * * * * * * * * * * * *
> (B) to initiate any telephone call to any residential telephone
> line using an artificial or prerecorded voice to deliver a
> message without the prior express consent of the called party,
> unless the call is initiated for emergency purposes or is
> exempted by rule or order by the Commission under
> paragraph (2)(B);

13. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991 *("FCC Declaratory Ruling"),* 23 F.C.C.R. 559, 23 FCC Rcd. 559,43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

14. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling,* 23 F.C.C.R. at 564-65 (10).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCP A, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

17. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

18. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

19. Plaintiff's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

20. Defendant contacted Plaintiff on Plaintiff's residential telephone using a prerecorded automated telephone message.

21. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1) et. seq.

22. At no time did Plaintiff expressly consent to receive artificial or prerecorded telephone messages at Plaintiff's residential telephone line from the original creditor.

23. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

24. After receiving several automated pre-pre-recorded calls form Defendant(s), Plaintiffs sent Defendants(s) two separate cease and desist letters notifying Defendant(s) the Plaintiffs were represented by and attorney, and furnishing such attorney's full contact information.  Such cease and desist letters also requested that Defendants stop the automated pre-recorded calls to Plaintiffs' residential telephone line.  See attached exhibits.

25. Defendant(s) duly received such cease and desist letters.  See attached exhibits.

26. Defendant(s) refused to stop the automated pre-recorded phone calls to Plaintiffs' residential telephone line, and continue to make such calls despite the above referenced cease and desist request, and despite having been warned the Plaintiffs were represented by an attorney.

**COUNT TWO:  VIOLATION OF Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.**

27. The preceding paragraphs of this complaint are incorporated by reference.

28. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

11. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

12. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

13. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt. A violation of the TCPA would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

14. Defendant(s) also violated Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because Defendant(s) continued to contact consumer debtor Plaintiff Allison Linko who had notified Defendant(s) that she was represented by and attorney.

15. Defendant(s) knew or should have known that Plaintiff Allison Linko was represented by an attorney, and still continued to contact Plaintiff Allison Linko despite Defendant(s)' knowledge of such attorney representation.

## LIABILITY

29. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

30. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

31. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

32. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

33. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

34. Any mistake made by Defendant would have included a mistake of law.

35. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

36. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

37. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, mileage etc.

38. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

39. Plaintiffs believe and avers that Plaintiffs are each entitled to at least $1,500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA, because Plaintiff requested Defendant(s) stop the automated calls, and Defendant(s) refused to stop the automated pre-prerecorded calls.

40. Plaintiffs believe and avers that there were at least 3 prerecorded telephone calls from Defendant(s), after Defendant(s) received Plaintiff's cease and desist correspondence thereby warranting $1,500 in statutory damages per call per Plaintiff, for a total of $9,000.00 in statutory damages.

41. Plaintiffs suffered emotional distress as a result of Defendant(s) unlawful conduct, with a Dollar value to be proven at trial.

## ATTORNEY FEES

42. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

43. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

44. Plaintiff's attorney fees of $2,100.00 at a rate of $350.00 per hour, are enumerated below.

| | | |
|---|---|---|
| a. | Consultation with clients in person on two separate occasions, and by phone and by email | 2 |
| b. | Drafting, editing, review, filing and serving complaint and related documents | 2 |
| c. | Follow up With Defense | 2 |

$$6 \times \$350 = \$2,100.00$$

45. Plaintiff's attorney fees continue to accrue as the case move forward.

46. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

47. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

48. Plaintiff seeks injunctive relief barring further unlawful collection activity.

49. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

50. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $11,101.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$9,000 statutory damages under TCPA

$2,100 attorney fees

_____

$11,101.00

Plaintiff seeks such other relief as the Court deems just and fair.

_____          1 • 26 • 2012
Vicki Piontek, Esquire               Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

DAUPHIN COUNTY, PENNSYLVANIA

Allison M. Linko
757 Lake Spangenber Road
Lake Ariel, PA 18436
and
Nicholas Linko
757 Lake Spangenber Road
Lake Ariel, PA 18436

Vs.                                              Plaintiffs

American Education Services
1200 North 7th Street
Harrisburg, PA 17102
and

Pennsylvania Higher Education
Assistance Agency (PHEAA
1200 North 7TH Street
HARRISBURG, PA 17102
and
John Does 1-10
and
XYZ Corporations

Defendant(s)

: : : : : : : : : : : : : : : : : : : : : : : : :

Civil Action-Law

Jury Trial Demanded

## VERIFICATION

I, Allison Linko have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

_Allison Linko_ _1/24/2012_
Allison Linko     Date

IN THE COURT OF COMMON PLEASE OF
DAUPHIN COUNTY, PENNSYLVANIA

Allison M. Linko                            :
757 Lake Spangenber Road                    :
Lake Ariel, PA  18436                       :
and                                         :
*Nicholas Linko*                            :
757 Lake Spangenber Road                    :          Civil Action-Law
Lake Ariel, PA  18436                       :
Vs.                          Plaintiffs     :
American Education Services                 :
1200 North 7th Street                       :
Harrisburg, PA  17102                       :
and                                         :
Pennsylvania Higher Education               :
Assistance Agency (PHEAA                    :
1200 North 7TH Street                       :
HARRISBURG, PA  17102                       :
and                                         :
John Does 1-10                              :          Jury Trial Demanded
and                                         :
XYZ Corporations                            :
                          Defendant(s)      :

**VERIFICATION**

I, Nicholas Linko, have read the attached complaint.  The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.


_Nicholas Linko_  _12/15/11_
Nicholas Linko       Date

# American Education Services
# 1200 N. 7th Street
# Harrisburg, Pa 17102-1444

Certified Mail 70101060000146132509                    November 21, 2011
Acct Number 7892569863

## REQUEST TO CEASE AUTOMATED CALLS

Re.   **Allison Linko     Nicholas Linko,**
      **Phone Number Being Called: (570)-698-4247**

I again wish for your offices to stop calling my phone number and stop with hang up calls to my home phone. I request you to stop leaving automated calls on the home phone

Please cease and desist these calls to me. The phone number that your company has been calling is 570-698-4247. To date, I have received at least 200 calls from your company on my home phone. This is my house phone 570-698-4247. Do not call my house phone

Please contact Attorney Vicki Piontek, for Allison is being represented by her

Attorney Vicki Piontek
951 Allentown Rd
Lansdale PA 19446
877-737-8617
866-408-6735

Sincerely,

Allison Linko

Nicholas Linko

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERICAN EDUCATION SERVICES
1200 N. 7TH STREET
HARRISBURG, PA
17102-1444

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 1060 0001 4613 2509

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# American Education Services
# PHEAA
# 1200 N. 7th Street
# Harrisburg, Pa 17102-1444

Certified Mail 70101060000146132516                     November 30, 2011
Acct Number 7892569863


## REQUEST TO CEASE AUTOMATED CALLS

**Re.   Allison Linko    Nicholas Linko,**
**Phone Number Being Called: (570)-698-4247**

I again wish for your offices to stop calling my phone number and also all the hang up calls to my home phone. I request you to stop leaving automated calls on the home phone

Please cease and desist these calls to me. The phone number that your company has been calling is 570-698-4247. To date, I have received at least 100 calls from your company on my home phone. This is my house phone. 570-698-4247. Do not call my house phone.

Please contact Attorney Vicki Piontek, for Allison is being represented by her

Attorney Vicki Piontek
951 Allentown Rd.
Lansdale, PA 19446
P:877-737-8617
F: 866-408-6735


Sincerely,

*Allison Linko*
Allison Linko

*Nicholas Linko*
Nicholas Linko

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERICAN EDUCATION SERVICES
1200 N. 7TH STREET
HARRISBURG, PA
17102-1444

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail     ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)

7010 1060 0001 4613 2516

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

1-800-233-0557

9:08A Dec.10

ERASE EDIT SAVE

P.H.E.A.A.

1-717-720-1500

11:15a Dec 13
11:15m Dec 13

ERASE EDIT SAVE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** under penalty of perjury that a true and exact copy of the foregoing Notice of Removal was forwarded via Federal Express to the following:

Vicki Piontek, Esq.
951 Allentown Road
Lansdale, PA 19446

and via U.S. Mail, postage prepaid, to the following:

Stephen Farina, Prothonotary
Dauphin County Court of Common Pleas
101 Market Street
Suite 101
Harrisburg, PA 17101

Dated:      February 24, 2012         James J. Jarecki, Esquire
                                      Attorney for Defendants American
                                      Education Services and Pennsylvania
                                      Higher Education Assistance Agency