IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON M. LINKO, and <br> NICHOLAS LINKO, | : <br> : <br> : | No.   1:12-cv-355 |
| Plaintiffs, | : <br> : | Hon. John E. Jones III |
| v. | : <br> : | |
| AMERICAN EDUCATION SERVICES, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, and JOHN DOES 1 - 10 and XYZ CORPORATIONS, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**MEMORANDUM**

April 26, 2012

**I.   INTRODUCTION**

Before the court in the above-captioned action is the Motion to Dismiss of the collective Defendants. (Doc. 4). The Motion is deemed unopposed pursuant to Local Rule 7.5. For the reasons detailed herein, we will grant the Defendants' Motion in its entirety and dismiss the Plaintiff's Complaint with prejudice.

**II.   FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from the Plaintiffs' Complaint and viewed in a light

most favorable to the Plaintiffs.

The Plaintiffs are Allison M. Linko and Nicholas Linko ("Plaintiffs"). (Doc. 1-1, ¶ 7). The Defendants are American Education Services ("AES") and the Pennsylvania Higher Education Assistance Agency ("PHEAA").[1] (*Id.* ¶ 8(a)-(b)). At some time prior to 2011, Plaintiffs entered into a "consumer credit transaction" which became the subject of the Defendants' complained-of debt collection activities. (*Id.* ¶ 18). When Plaintiffs' account went into collections, the account was referred to Defendants for purposes of collection. (*Id.* ¶ 19).

The Defendants contacted Plaintiffs at their residential phone number using prerecorded automated telephone messages for the purposes of debt collection. (*Id.* ¶ 20). Plaintiffs aver in their Complaint that they at no time expressly consented to receipt of artificial or prerecorded telephone messages from their creditor. (*Id.* ¶ 22). After several prerecorded messages, Plaintiffs, through counsel, sent "two separate cease and desist letters notifying Defendant(s) the Plaintiffs were represented by an attorney, . . . furnishing such attorney's full contact information, . . . [and] request[ing] that Defendants stop the automated prerecorded calls to Plaintiffs' residential telephone line." (*Id.* ¶ 24). Defendants received said letters,

---

[1] Also named as Defendants are John Does 1-10 and X,Y,Z Corporations, whose names and identities are not known to Plaintiff at this time. (Doc. 1-1, ¶ 8(c)-(d)).

but the phone calls continued. (*Id.* ¶¶ 25-26).

On or about December 19, 2011, the Plaintiffs commenced this action by filing a Writ of Summons with the Court of Common Pleas of Dauphin County. (Doc. 1-1, Ex. A). On January 31, 2012, the Plaintiffs filed their Complaint. (Doc. 1-1, Ex. B). On February 24, 2012, the collective Defendants removed this action to this Court. (Doc. 1).

On March 6, 2012, the Defendants filed the instant Motion to Dismiss (Doc. 4) was filed, and the Defendants timely filed a Brief in Support of said Motion on March 20, 2012. (Doc. 6). Local Rule 7.5 requires that briefs in opposition be filed within fourteen (14) days of receipt of the movant's supporting brief; thus, the Plaintiffs' opposition papers were due to this Court on or before April 3, 2012. On April 25, 2012, during a telephone call initiated by the Court, counsel for the Plaintiffs advised that she does not intend to file an opposition brief. Accordingly, pursuant to Local Rule 7.5, this Motion is deemed unopposed.

## III.   STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

    A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*,

499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than a "sheer possibility." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later expounded upon and formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## IV. DISCUSSION

The Plaintiffs' Complaint charges the Defendants, in Count I, with violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq., and in Count II, with violation of Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq., and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 P.S. § 201 et. seq. We address these arguments *seriatim*.

### A. Telephone Consumer Protection Act ("TCPA")

Plaintiffs contend that the Defendants violated the TCPA by contacting Plaintiffs on their residential telephone using prerecorded automated telephone messages without first obtaining prior express consent to do so. A review of the relevant case law and the regulations and rulings of the Federal Communications Commission ("FCC") clearly reveals that this claim fails as a matter of law.

The TCPA was enacted with the privacy-protective purpose of dealing with "common-nuisance telemarketing." *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 514 (3d Cir. 1998). Section 227 of the TCPA provides that it shall be unlawful for any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior

express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B).

Section 227(b)(2) permits the FCC to issue orders and regulations exempting certain communications from the prohibitions of Section 227(b)(1)(B). *See id.* § 227(b)(2)(B). As the Defendants aptly observe, calls made to a party with whom the caller had an established business relationship are exempt from the TCPA's prohibitions against automated and prerecorded messages. 47 C.F.R. § 64.1200(a)(2)(iv). Further, the FCC has ruled that debt collection circumstances necessarily "involve a prior or existing business relationship." 7 FCC Rcd. 8752, 8771-72 (Oct. 16, 1992)). It further concluded that such calls "are exempt from the TCPA's prohibitions against prerecorded message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect residential subscriber rights." *Id.*

Plaintiffs admit that the Defendants were engaged in "collection activity" and contacting them "for the purpose of collection" in their Complaint. (Doc. 1-1, ¶¶ 18-19). Thus, the Defendants' contact with the Plaintiffs falls squarely within the ambit of the TCPA's long-established exemption for debt collection services. Accordingly, the Plaintiffs' TCPA claim fails as a matter of law and is dismissed

with prejudice.

### B. Pennsylvania's Fair Credit Extension Uniformity Act[2] and Unfair Trade Practices and Consumer Protection Law

Count II of Plaintiffs' Complaint alleges violations of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA") and Unfair Trade and Consumer Protection Law ("UTPCPL"). Both claims fail as a matter of law.

Plaintiffs' claim under the FCEUA is subject to two critical, and dispositive, defects. First, Defendant PHEAA is not a "debt collector" subject to the FCEUA. The FCEUA defines a "debt collector" as a "person *not a creditor* . . . acting on behalf of a credit, engaging or aiding directly in collective a debt owed or alleged to be owed a creditor or assignee of a credit" and defines a "creditor" as one "to whom a debt is owed or alleged to be owed." 73 P.S. § 2270.3 (emphasis added). The promissory note at issue makes clear that Defendant PHEAA owns the debt and is thus not a "debt collector" subject to FCEUA in the manner contended by Plaintiff. (Doc. 4, Ex. A). Second, the FCEUA expressly excludes from the term "debt" any "amount owed to the United States or the Commonwealth." 73 Pa. Stat. § 2270.3. As the Defendants point out, PHEAA, the owner of the debt, is a

---

[2] Plaintiffs' Complaint alleges violations of the "Pennsylvania Fair *Trade* Extension Uniformity as Act." (Doc. 1-1, ¶¶ 28, 11-14). We note briefly that this statute does not exist and, for purposes of this Motion, assume that Plaintiffs refer to the Pennsylvania Fair *Credit* Extension Uniformity Act.

statutorily-created entity of the Commonwealth of Pennsylvania. *See* 24 Pa. Stat. § 5101. Thus, the debt subject to collection is owed to the Commonwealth and expressly excluded from FCEUA.

Finally, we reach Plaintiffs' claim for alleged violation of the Pennsylvania UTPCPL. The UTPCPL is designed to protect consumers from fraudulent and deceptive business practices and provides a private cause of action to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person" of any practice prohibited by the act. 73 P.S. § 201-9.2(a). The UTPCPL enumerates twenty-one (21) prohibited practices which do not warrant recitation here. *See id.* § 201-2(4). Plaintiffs have failed to state any specific prohibited practice, and we thus generously assume, for the Plaintiffs' individual benefit rather than their counsel's, that they intended to proceed under the UTPCPL's "catch-all" provision, which prohibits "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id.* § 201-2(4)(xxi).

Recently, in *Moranski v. Encompass Ins. Co.*, 2011 U.S. Dist. LEXIS 13505 (M.D. Pa. Feb. 11, 2011), this Court held that to state a claim under the catch-all provision, the Plaintiffs "must satisfy the elements of common law fraud." *Id.* at

*7. These elements are "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Id.* at *7-8 (quoting *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006)). Plaintiffs have altogether failed to plead a single element of common law fraud in their Complaint, and thus their UTPCPL claim fails as a matter of law.

## V. CONCLUSION

For all of the reasons articulated therein, we will grant the Defendants' unopposed Motion to Dismiss (Doc. 4) and dismiss the Plaintiff's Complaint in its entirety for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). An appropriate Order shall issue.